**[23]**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LINDSAY ADAMSON, on behalf of herself and all others similarly situated, | : <br> : <br> : |
|  | : Civil Action No. 06-866 (FLW) |
| Plaintiff, | : <br> : <br> : |
| v. | : **OPINION** <br> : <br> : |
| ORTHO-McNEIL PHARMACEUTICAL, INC. and WATSON PHARMACEUTICALS, INC., | : <br> : <br> : |
| Defendants. | : |

**WOLFSON, District Judge**

     Presently before the Court is a motion pursuant to L. Civ. R. 7.1(i) by Plaintiff, Lindsay Adamson ("Adamson"), asking this Court to reconsider its November 16, 2006 Order granting Defendant's Motion to Dismiss. Specifically, Plaintiff contends that this Court improperly drew inferences in favor of the Defendants and made several errors of law; thus, Plaintiff argues that reconsideration is necessary to prevent manifest injustice. In the alternative, Plaintiff asks that this Court grant her leave to file an Amended Complaint. The Court has considered the moving, opposition and reply papers, and, for the reasons stated in the Opinion below, Plaintiff's Motion is denied.

1

**I. Background**

The instant matter concerns the marketing and sale of the prescription drugs Ortho Tri-Cyclen, an oral contraceptive manufactured by OMJ Pharmaceuticals, and TriNessa, an "authorized generic" version of Ortho Tri-Cyclen manufactured by OMJ Pharmaceuticals[1] and marketed by Watson under its trade name, TriNessa. On February 24, 2006, Plaintiff filed a complaint alleging that Defendants, Ortho-McNeil Pharmaceutical, Inc. ("Ortho McNeil") and Watson Pharmaceuticals, Inc., ("Watson") intentionally misrepresented and concealed from Plaintiff and other "brand loyalists" that Ortho Tri-Cyclen and TriNessa are identical drugs in violation of the New Jersey Consumer Fraud Act ("NJCFA"). Plaintiff relied on several statements from Defendants' marketing and sales materials to support these allegations. First, Plaintiff argued that Watson's website did not disclose that TriNessa was the same drug as Ortho Tri-Cyclen and instead described TriNessa as "therapeutically equivalent to Ortho Tri-Cyclen." Pl's Compl. ¶61. Next, Plaintiff alleged that the TriNessa package insert lifted the clinical data from the Ortho Tri-Cyclen label and simply substituted TriNessa's brand name for that of Ortho Tri-Cyclen. Pl's Compl. ¶ 62. In other words, Plaintiff alleged that the TriNessa label did not explain that the tests were conducted for Ortho Tri-Cyclen but apply to TriNessa because the drugs are the same. Id. In addition, Plaintiff argued that a statement on Ortho McNeil's website – "[i]sn't it great to find the one that's right for you" – was misleading because it insists that there is only one contraceptive exactly like Ortho Tri-Cyclen. Id. ¶ 63. Further, Plaintiff alleged that the following statements from Ortho's website falsely represented that Ortho Tri-Cyclen was a

---

[1]Indeed, the external packaging of TriNessa indicates that TriNessa is manufactured by OMJ Pharmaceuticals for Watson.

singular and unique type of birth control:

> Myth: All birth control pills are the same
> Fact: Not all birth control pills contain the same type of hormones.
>
> The progestin in some birth control pills may cause unpleasant effects...However not all progestins trigger these effects to the same degree. . . .For example, norgestimate, a newer progestin contained in Ortho Tri-Cyclen Tablets may be less likely to cause unpleasant side effects among its Pill users.

Id. ¶ 64.

Finally, Plaintiff contended that Defendants engaged in a deceptive marketing scheme because Ortho McNeil advertises Ortho Tri-Cyclen's ability to improve acne and Watson does not promote this same benefit of TriNessa[2]. Id. ¶ 67-68. Based on these alleged misrepresentations, Plaintiff contended that she and other brand loyalists overpaid for Ortho Tri-Cyclen because TriNessa, the identical drug, was available for a lower price.

On June 12, 2006, Defendants filed a Motion to Dismiss Plaintiff's Complaint. This Court granted Defendant's Motion on November 16, 2006. Specifically, I found that the aforementioned statements and advertisements did not contain actionable misrepresentations or omissions under the NJCFA and that the statements were not susceptible to Plaintiff's unreasonable and conclusory interpretation as a matter of law. Indeed, I held that the statements in question were accurate factual statements or, at most, sales puffery. For these reasons, I dismissed Plaintiff' complaint for failure to state a claim.

Thereafter, on December 1, 2006, Plaintiff filed the instant Motion for Reconsideration

---

[2]The Court notes, however, that this allegation was not addressed in Plaintiff's Motion for Reconsideration. Moreover, at no time during these proceedings has Plaintiff suggested that she purchased Ortho Tri-Cyclen based on its ability to improve acne; thus, Plaintiff cannot allege that TriNessa's failure to advertise this same benefit is an actionable omission and that had TriNessa advertised this benefit, she would have purchased the drug.

pursuant to L. Civ. R. 7.1(i).  Specifically, Plaintiff contends that this Court improperly drew inferences in favor of the Defendants and made several errors of law; thus, Plaintiff argues reconsideration is necessary to prevent manifest injustice.  In the alternative, Plaintiff asks that this Court grant her leave to amend her Complaint.

**II. Discussion**

A. Reconsideration pursuant to Loc. Civ. R. 7.1(i)

Local Civil Rule 7.1(i) allows a party to seek reconsideration if there are "matter[s] or controlling decisions which the party believes the Judge… has overlooked" within ten business days following the entry of the order or judgment on the original motion.  L. Civ. R. 7.1(i).  It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through -- rightly or wrongly."  Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rule 7.1(i) does not contemplate a recapitulation of arguments considered by the court before rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856 (D.N.J.1992), aff'd, 37 F.3d 1485 (3d Cir.1994); Carteret Sav. Bank, F.A. v. Shushan, 721 F.Supp. 705, 709 (D.N.J.1989).  Instead, Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision. See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J.2 005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J.2001).  It is well-established that a court may only grant a motion for reconsideration if the movant can show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear

error of law or fact or to prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999).  If, as here, reconsideration is sought based upon the third factor, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J.1999). Because reconsideration is "an extraordinary remedy," it is "to be granted "very sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J.1996); Maldonado v. Lucca, 636 F.Supp. 621, 630 (D.N.J.1986).  Indeed, a party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; instead, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F.Supp. 316, 318 (D.N.J.1997); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 163 (D.N.J.1988).

     In the instant matter, Plaintiff contends that reconsideration pursuant to L. Civ. R. 7.1(i) is necessary to correct both improper factual inferences and errors of law.  First, Plaintiff contends that the Court improperly drew factual inferences in Defendant's favor.  Specifically, Plaintiff argues that the Court "failed to consider the fundamental fact in this case – but for Defendants' deception, no one would continue to pay Ortho Tri-Cyclen's inflated price if they knew the identical drug was being sold cheaper under a different name." Pl.'s Br. at 1.  Moreover, Plaintiff contends that "there is no factual or logical reason anyone would continue to pay more for a brand drug, unless they were mislead by omissions and misstatements. . . [t]he Court's failure to accept this fact as true. . . is an error of law." Id. at 2.

     It is well-established that a court considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) must accept as true all factual allegations in the complaint and must provide the

plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir.1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir.1989).  However, it is equally well-established that a court need not credit a complaint's conclusory allegations, bald assertions, or legal conclusions masquerading as factual claims.  Morse v. Lower Merion School District, 132 F.3d 902, 906 n. 8 (3d Cir.1997).  Indeed, the Third Circuit has held that "[i]n ruling on a Rule 12(b)(6) motion, courts can and should reject 'legal conclusions,' 'unsupported conclusions,' 'unwarranted references,' 'unwarranted deductions,' 'footless conclusions of law,' and 'sweeping legal conclusions in the form of actual allegations.'"  Bright v. Westmoreland County, 380 F.3d 729, 735 (3d Cir. 2004)(citation omitted).  Moreover, according to the Third Circuit, "[l]egal conclusions masquerading as factual conclusions will not suffice to circumvent a motion to dismiss." Id. (citation omitted).  Thus, a Rule 12(b)(6) motion does not serve to question a plaintiff's well-pled facts, but rather tests the legal foundation of the plaintiff's claims. See, e.g., Clugston v. Nationwide Mut. Ins. Co., 2006 WL 1290450 (M.D.Pa. 2006); United States v. Marisol, Inc., 725 F.Supp. 833, 836 (M.D.Pa.1989).

     Generally, the essence of Plaintiff's argument for reconsideration is that this Court improperly ignored "facts"  – as opposed to conclusory allegations, bald assertions, legal conclusions or unreasonable inferences – and made improper inferences in Defendant's favor.  According to Black's, a fact is defined as "1. Something that actually exists; an aspect of reality. 2. An actual or alleged event or circumstance, as distinguished from its legal effect, consequence, or interpretation." Black's Law Dictionary 610 (Seventh Ed. 1999).  In contrast, Black's defines conclusory as "expressing a factual inference without stating the underlying facts on which the

6

inference is based," id. at 284 , and allegation as "the act of declaring something to be true" or "something declared or asserted as a matter of fact. . . a party's formal statement of a factual matter as being true or provable, without its having yet been proved." Id. at 74.  In the instant matter, as evidenced by my Opinion dated November 16, 2006, this Court properly accepted as true the factual allegations contained in Plaintiff's Complaint including, in relevant part, that Plaintiff is a brand loyalist, that Ortho Tri-Cyclen is more expensive than TriNessa and that the Defendants do not advertise that TriNessa and Ortho Tri-Cyclen are identical.  Moreover, the Court reviewed the statements contained in Defendant's advertising and marketing materials and considered their total impact.  Adamson v. Ortho-McNeil, No. 06-866, 2006 WL 3333390 at *2-3. However, this Court did not credit – and did not have to credit – the unreasonable conclusory inferences that followed including Plaintiff's interpretation of Defendants' advertising and marketing materials, i.e. that Ortho Tri-Cyclen was unique, or Plaintiff's unsupported assertion that the only reason people would pay more for Ortho Tri-Cyclen is if they were mislead by omissions or misstatements.  Based on the well-pled facts in Plaintiff's Complaint and the factual inferences drawn therefrom, this Court found that Defendants' statements were not susceptible to Plaintiff's interpretation, did not have the capacity to mislead the average consumer and were therefore not actionable as a matter of law under the New Jersey CFA.  Union Ink Co., Inc. v. AT&T Corp., 352 N.J.Super. 617, 644 (Super. App. Div. 2002); see also Bober v. Glaxo Wellcome PLC, 246 F.3d 934, 943 (7th Cir. 2001). Thus, although Plaintiff insists on arguing that this Court ignored the "fundamental fact" that no one would pay more for Ortho Tri-Cyclen unless they were mislead by omissions and misstatements, this is not a "fact" at all, but a conclusory allegation made by Plaintiff to support the underlying theory of her case.

7

Moreover, Plaintiff's argument in this matter presents a clear example of circular logic. Indeed, Plaintiff attempts to prove that "but for Defendant's deception, no one would continue to pay Ortho Tri-Cyclen's inflated price"; thus, because brand loyalists, including Adamson, paid more for Ortho Tri-Cyclen, Plaintiff alleges that there must have been some sort of deception or omission on the part of Defendants[3]. However, the fallacy in Plaintiff's argument – and the heart of this Court's November 16th Opinion – is that at no time in these proceedings has Plaintiff set forth any statement or set of statements that contain omissions or misrepresentations actionable under the New Jersey CFA. The New Jersey Supreme Court has recognized a distinction between misrepresentations of fact that are actionable under the CFA and "mere puffing" about a product. Rodio v. Smith, 123 N.J. 345, 352 (1991); N.J. Citizen Action v. Schering Plough Corp., 367 N.J. Super. 8, 13 (Super. App. Div. 2003). As discussed above, during the initial Motion to Dismiss, this Court reviewed each of Defendants' allegedly offending advertising and marketing statements and found that none of them contained actionable omissions or representations as a matter of law. Specifically, Plaintiff relied on the following statements – "not all birth control pills contain the same type of hormones" and "[i]sn't it great to find the one that's right for you" – to establish Defendants' representation of Ortho Tri-Cyclen as a "unique" and one-of-a-kind drug. However, these statements cannot support Plaintiff's theory; indeed, in the November 16 Opinion, I held that the first statement was not actionable because it is objectively accurate and that the second statement amounted to nothing more than sales puffery. Adamson v. Ortho-McNeil, No. 06-866, 2006 WL 3333390 at *9, 11-13; see also Bober v. Glaxo Wellcome PLC, 246 F.3d 934

---

[3]For example, in Plaintiff's Opposition to Defendants' Motion to Dismiss, she contends "[t]he mere fact that Ortho Tri-Cyclen remains on the market with TriNessa is evidence alone of Defendants' deceptive marketing practices." Pl. Opp. Br. to Def's Mot. to Dismiss at 2.

(7th Cir. 2001). At this juncture, Plaintiff has not set forth anything else to substantiate the claim that this Court improperly granted inferences in favor of the Defendant or that the statements made by the Defendants constituted actionable misrepresentations or omissions. Thus, Plaintiff's Motion for Reconsideration on the grounds that the Court drew improper factual inferences is denied.

Next, Plaintiff argues that the Court made several errors of law in its initial ruling that necessitate the instant Motion for Reconsideration. First, Plaintiff argues that this Court erred when it determined that Watson could not lawfully use the Ortho Tri-Cyclen name in its advertising. Specifically, Plaintiff contends that "[t]here is no legal basis for this Court's conclusion that Watson could not use the Ortho Tri-Cyclen name (absent an agreement) in its advertising." Pl's Br. at 6. Importantly, however, an agreement is exactly what is at issue here. Section 5.4.1 of the Supply Agreement between Ortho and Watson provides: "Unless required by applicable law or regulation, Purchaser [Watson] shall not use any trademark, tradename, company name, copyright or other intellectual property of Seller [Ortho] in connection with the distribution, marketing, promotion or sale of the Product." In light of this agreement and the absence of any law or regulation that would require Watson to use Ortho's trademark, there is no support for Plaintiff's theory that Watson was able – and required – to use Ortho's trademark.

In addition, Plaintiff argues that the Court erred by finding that Defendants were competitors and that Defendants did not maintain an affirmative duty to reveal the existence of an authorized generic drug. The Court does not agree. Indeed, although the record makes clear that Ortho receives a percentage of the net selling price for each package of TriNessa sold by Watson, this fact alone does not alter the Court's analysis. To begin, Plaintiff does not dispute that both

9

TriNessa and Ortho Tri-Cyclen are sold to consumers in the marketplace; in fact, during the initial Motion to Dismiss Plaintiff argued that "the mere fact that Ortho Tri-Cyclen remains on the market with Trinessa is evidence alone of Defendants' deceptive marketing practices." Pl. Opp. Br. Mot. to Dismiss at 2. Moreover, the Sales Agreement between Ortho and Watson specifically provides that Ortho could continue to sell competing products including Ortho Tri-Cyclen. Supply Agreement § 2.1.3. Thus, the inference that Defendants are competitors was not improper. Moreover, and more importantly, at no point during these proceedings – either during the Motion to Dismiss or in the instant matter – has Plaintiff cited any legal precedent to support the contention that Defendants – whether competitors or not – maintained an affirmative duty to inform the public that TriNessa and Ortho Tri-Cyclen are identical. Indeed, the only case cited by Plaintiff in connection with this argument is Strawn v. Canuso, N.J. Super. 88 (App. Div. 1994), a case in which the court found that real estate developers and brokers maintained a duty to disclose the existence of a nearby landfill to potential buyers. Id. at 104-107. In light of the clear factual differences between these cases, and in the absence of any attempt by Plaintiff to apply Strawn to the instant matter, the Court cannot find that Strawn is persuasive precedent.

     Finally, to the extent that Plaintiff continues to argue that the Defendants allegedly touted Ortho Tri-Cyclen's unique properties, this inference is not supported by the record and need not be credited by the Court. Indeed, despite Plaintiff's assertion that Defendants advertised Ortho Tri-Cyclen as a unique and one of a kind drug, these words were not used by the Defendants. Instead, Defendants website suggested that "not all birth control pills contain the same type of hormones" and "[i]sn't it great to find the one that's right for you." Based on these statements, this Court found that Defendants did not advertise Ortho Tri-Cyclen as a unique drug, and, in fact

this is the key conclusory allegation that this Court did not credit during the initial motion to dismiss. At this juncture, Plaintiff has not set forth anything additional to support its assertion that reconsideration is necessary to prevent manifest injustice and for these reasons, the Court denies Plaintiff's Motion for Reconsideration.

B. Motion for Leave to File an Amended Complaint

Finally, Plaintiff argues that she should be permitted to file an Amended Complaint to add additional facts and cure any perceived deficiencies in the original Complaint. Federal Rule of Civil Procedure 15(a) provides that party may amend his pleading once before a responsive pleading is served, or thereafter upon leave of court or on consent from his adversary. See Fed.R.Civ.P. 15(a). The rule further provides that "leave should be freely given when justice so requires." Id. The decision whether to grant leave to amend rests with the sound discretion of the court. Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir.1998) (citing Howze v. Jones & Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir.1984)). Indeed, the Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chemical Co., 921 F.2d 484, 486-87 (3d Cir.1990). However, the granting of leave to amend is not automatic. See Dover Steel Co., Inc. v. Hartford Accident and Indemnity Co., 151 F.R.D. 570, 574 (E.D.Pa.1993). Leave may be denied upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Heyl & Patterson Int'l,

Inc. v. F.D. Rich Housing of the Virgin Islands, Inc., 663 F.2d 419, 425 (3d Cir.1981).

Here, Plaintiff contends that if granted leave to amend, she will allege that she was aware that generic oral contraceptives were on the market and available for her use, that she believed that branded and generic products were not the same, that she did not know that Ortho Tri-Cyclen and TriNessa were identical, and, finally, that had she known that she could purchase TriNessa, she would have. Defendant, on the other hand, argues that amendment would be futile. The Court agrees.

In the instant matter, the heart of Plaintiff's case is that Defendants' advertising and marketing materials did not alert Plaintiff and other brand loyalists that Ortho Tri-Cyclen and TriNessa are the same drug. To support her argument, Plaintiff points to Defendants' aforementioned advertising and marketing materials. However, as set forth in the November 16, 2006 Opinion and as reiterated at length in this Opinion, this Court held, as a matter of law, that the materials Plaintiff relies upon do not contain any actionable misrepresentations or omissions. Because the amendments proposed by Plaintiff would not alter the Court's analysis in this matter, I will not grant Plaintiff leave to amend. Indeed, unless Plaintiff is able to amend her Complaint to point to additional marketing or advertising materials that contain actionable misrepresentations or omissions, I find that amendment of the Complaint would be futile

**IV. Conclusion**

For the foregoing reasons, Plaintiff's Motion for Reconsideration pursuant to L. Civ. R. 7.1(i) is denied. In addition, Plaintiff's Motion for Leave to Amend the Complaint is denied. An appropriate order will follow.

Dated: February 20, 2007           s/ Freda L. Wolfson
                    Honorable Freda L. Wolfson
                    United States District Judge